IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**COURTNEY LAUREN BYRD**                                                                    **PLAINTIFF**

**V.**                         **CIVIL ACTION NO. 4:25-cv-19-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration regarding her application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, the applicable law and having heard and considered oral argument, finds the decision of the Commissioner of Social Security should be reversed and remanded.

## FACTS

This is an application for supplemental security income benefits, filed on July 13, 2022, alleging onset of disability commencing on the date of application. The Social Security Administration denied the claim initially and on reconsideration. Following the hearing, the ALJ issued an unfavorable decision on March 21, 2024. (Dkt. 5, p. 21-23). The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ found Byrd has the following medically determinable impairments: hypertension, diabetes, anxiety, obsessive compulsive disorder, and depression, but held that she

did not have any severe impairments that would significantly limit her ability to performs basic work-related activities for twelve or more consecutive months.

Byrd has raised one issue on appeal — that the ALJ erred when he determined that she had no severe impairment at Step Two. The court agrees and therefore finds the case should be reversed and remanded for further consideration.

## ANALYSIS

In the Fifth Circuit an "impairment can be considered as not severe only if it is a slight abnormality [having] such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone v. Heckler,* 752 F.2d 1099, 1102 (5th Cir. 1985). "Step Two functions only as an early screening to identify and eliminate the frivolous. It functions as a "pass/fail" system, rather than attempting meaningful evaluation of an impairment in any common sense meaning of the word severe." *Smith v. Comm'r of Soc. Sec.*, No. 3:17CV63-DAS, 2018 WL 3463278, at *4–6 (N.D. Miss. July 18, 2018).

In his decision the ALJ noted Byrd's conservative treatment for her mental health issues as cause for discounting the severity of her symptoms. He found Byrd had no limitation in understanding, remembering or applying information, and only mild limitations in interacting with others, in concentrating, persisting or maintaining pace, and in adapting and managing herself.

Byrd's counseling social worker and a primary care nurse practitioner both submitted opinions that were favorable to Byrd's disability claim, but the ALJ rejected them as unpersuasive. Instead, he found the opinions of the consultative examiner and the state agency examiners to be largely persuasive. The CE, however, found Byrd met the criteria for a diagnosis

2

of PTSD and generalized anxiety disorder. The CE also reported Byrd showed symptoms of trauma, depression, and anxiety and her ability to concentrate was affected in memory tasks.

These limitations, found by the consulting examiner, meet the definition of a severe impairment, and thus the court finds the ALJ erred at Step Two.

The defendant urged the court to find the error was harmless based on hypotheticals the ALJ used in questioning the vocational expert. The ALJ put hypotheticals with some limitations to the vocational expert, who testified to jobs that could be performed despite the limitations. However, the ALJ did not assess residual functional capacity. While a Step Two error may be harmless if the decision-making process proceeds through Step Five, because the ALJ ended his analysis at Step Two, the court would be speculating to find the error was harmless.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is reversed and remanded.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2025.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**